IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

MARK A. JOHNSON and
SUSAN E. JOHNSON,
    Plaintiffs,

v.                                       Civil Action No. 3:04CV3
                                        (BROADWATER)

VARIFORM, INC.,
    Defendant.

## ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT AND VACATING TRIAL DATES

The above styled matter is now before the Court pursuant to Defendant's Motions for Summary Judgment. Having considered the motions; the responses and replies made thereto; the argument presented to the Court on May 11, 2005; and the applicable case law, the Court makes the following findings.

### A. Factual Background

Plaintiffs in this matter are husband and wife. Plaintiff Mark A. Johnson began working for defendant Variform, Inc., a vinyl siding plant located in Martinsburg, West Virginia, as a machine operator in July 1988. Plaintiff Susan E. Johnson began her employment with Variform in April 1988. Her most recent position with the company was that of quality control technician. Both Plaintiffs were at-will employees with Variform. During his employment with the defendant, Mr. Johnson participated in several round table meetings with Variform management. In August 2003, Mr. Johnson participated in one such round table meeting with corporate management of Variform. Mr. Johnson alleges employees were encouraged to provide candid

and frank opinions to the management regarding plant issues during these round table meetings. Specifically, Mr. Johnson alleges that Variform management told those participating in the round table, including himself, "anything and everything is open for discussion, what is said here will stay here." Exhibit A of Universal Exhibits to Defendants' Separate Memorandums in Support of Their Motions for Summary Judgment, 114. Mr. Johnson alleges he relied on the promise that no adverse action would be taken in giving his candid opinions regarding unnecessary product changes, plant inefficiency, safety issues, and his dissatisfaction with the plant's perfect attendance program.

Ms. Johnson never participated in any of the round table meetings, nor does she allege that defendant made any promise directly to her. Instead, Ms. Johnson's claim arises from the promise allegedly made to her husband. Both Plaintiffs were terminated from their employment with Variform on the same day in October 2003. Ms. Johnson claims her termination was based solely on her status as the wife of Mark Johnson. In opposition to the claims put forth by the Plaintiffs, defendant Variform claims that notwithstanding the at-will employment of the Plaintiffs, Variform had legitimate, lawful reasons for terminating each of the Plaintiffs. In relief, Plaintiffs seek general damages; compensatory damages, including lost wages; punitive damages; costs; and interest.

### B. Applicable Law

#### 1. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

2. Elements of Promissory Estoppel

To establish a claim of promissory estoppel, a claimant must establish "(1) by clear and convincing evidence that [the employer] made an express promise to its employees that they would suffer no retaliation or adverse action for speaking out . . . ; and that [the employer] intended or reasonably should have expected that such a promise would be relied and/or acted upon by [the] employee . . .; and (2) by a preponderance of the evidence, that [the employee], being without fault [of his or her own], reasonably relied on that promise . . ., which reliance led to [the] discharge; and that in discharging [the employees], [the employer] breached that

promise." Tiernan v. Charleston Area Med. Ctr., Inc., 575 S.E.2d 618, 625 (W.Va. 2002). *See also* RCM Supply Co., Inc. v. Hunter Douglas, Inc., 686 F.2d 1074, 1078 (4th Cir. 1982) (adopting Restatement 2d of Contracts §90, elements of common law promissory estoppel claim).

**C.     Discussion**

1. Defendant's Motion for Summary Judgment as to Plaintiff Mark A. Johnson

Taking all the evidence presented in the light most favorable to the nonmoving party, that is, Plaintiff Mark Johnson, the Court finds there is indeed a genuine issue of material fact to be put forth at trial. The Court thus finds defendant's motion for summary judgment should be denied.

However, the Court further notes that the majority opinion as to promissory estoppel damages in employment cases is to award reliance damages only. *See* Zenor v. El Paso Healthcare Sys. Ltd., 176 F.3d 847, 865 (5th Cir. 1999); Wyatt v. Bellsouth, Inc., 18 F.Supp.2d 1324, 1327 (M.D. Ala. 1998); Jarboe v. Landmark Commun. Newspap. of Ind., Inc., 644 N.E.2d 118 (Ind. 1994). Furthermore, the majority of courts have found that reliance damages do not includes lost wages, either past or future, in the context of an at-will employment relationship. *See* Zenor, 176 F.3d at 866 (no recovery of past lost wages under promissory estoppel theory because award presumes continued term of employment); Wyatt, 18 F.Supp.2d at 1327 (back pay would put the plaintiff in a better position than he would have been had the promise not been made, give his at-will employment); Jarboe, 644 N.Ed.2d at 122 (promissory estoppel damages do not include restoration of at-will employment nor damages for lost wages); Lierz v. Coca Cola Ent., Inc., 36 F.Supp.2d 1295, 1303 (D.Kan. 1999) (no lost wages recovery under promissory

estoppel theory absent proof of an employment contract). However, the West Virginia Supreme Court of Appeals has not addressed the issue of damages arising from promissory estoppel in an at-will employment context.

### 2. Defendant's Motion for Summary Judgment as to Plaintiff Susan E. Johnson

In the case at hand, Ms. Johnson acknowledges the Defendant made no promise directly to her. Instead, she brings her claim as a derivative action for promissory estoppel based upon the promise allegedly made by defendant Variform to her husband. West Virginia has not recognized an action for derivative promissory estoppel, and both plaintiffs and defendant have acknowledged as much to the Court. That is, West Virginia has not recognized an action where the claimant bases his or her claim on a promise made to a third party, as is the case here.

The Court finds that even if Ms. Johnson's derivative promissory estoppel claim be allowed to proceed, it does not withstand the necessary standard to overcome defendant's motion for summary judgment. Ms. Johnson has not alleged that defendant Variform made a promise to her. No evidence has been presented that Ms. Johnson reasonably relied on a promise, including the alleged promise made to her husband. No evidence has been presented that Ms. Johnson took action based upon the reasonable reliance of the promise made by the defendant to her husband. Therefore, taking all the evidence presented in the light most favorable to the Plaintiff, the Court finds the Defendant is entitled to a judgment as a matter of law.

### D.  Conclusion

The Court therefore finds it necessary to certify a question to the West Virginia Supreme Court of Appeals as to A) Plaintiff Mark Johnson's damages arising from his promissory estoppel claim and B) the Plaintiff Susan Johnson's claim of derivative promissory estoppel.

Therefore, it is hereby **ORDERED**:

1) Defendant's Motion for Summary Judgment as to Plaintiff Mark A. Johnson **(Docket No. 25)** is hereby **DENIED**;

2) Defendant's Motion for Summary Judgment as to Plaintiff Susan E. Johnson **(Docket No. 31)** is hereby **GRANTED**;

3) The jury trial in this matter set for **June 6 - 9, 2005 is hereby VACATED.**

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the counsel of record herein.

**DATED** this  19th  day of May 2005.

*W. Craig Broadwater*